# Department of Justice Representation of Federal Employees in Fair Employment Suits

Government attorneys are not prohibited by 18 U.S.C. § 205 from representing federal employees in judicial personnel administration proceedings, as long as the representation is uncompensated and is not inconsistent with the attorney's performance of his or her official duties. However, Department of Justice regulations prohibit departmental attorneys from representing federal employees in fair employment suits in federal court, explicitly limiting such representation to administrative complaint procedures.

July 23, 1982

## MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, CIVIL RIGHTS DIVISION

This responds to your request for the views of this Office regarding the representation by Department of Justice attorneys of federal employees with Equal Employment Opportunity (EEO) complaints. Specifically, you asked whether a Department of Justice attorney could represent a federal employee in a fair employment suit against a federal agency, and if so, whether such representation depended upon the division or section in which the attorney works, or whether the employee's claim was against the Department of Justice.

The statute which addresses the "conflict of interest" issues raised by your request is 18 U.S.C. § 205.[1] This section prohibits "officer[s] or employee[s] of the United States" from "act[ing] as agent or attorney for prosecuting any claim

---

[1] 18 U.S.C. § 205 provides in pertinent part:

> Whoever, being an officer or employee of the United States in the executive, legislative, or judicial branch of the Government or in any agency of the United States, including the District of Columbia, otherwise than in the proper discharge of his official duties—
>
> > (1) acts as agent or attorney for prosecuting any claim against the United States, or receives any gratuity, or any share of or interest in any such claim in consideration of assistance in the prosecution of such claim, or
> >
> > (2) acts as agent or attorney for anyone before any department, agency, court, court-martial, officer, or any civil, military, or naval commission in connection with any proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which the United States is a party or has a direct and substantial interest—
>
> Shall be fined not more than $10,000 or imprisoned for not more than two years, or both
>
> > $*$ $*$ $*$ $*$ $*$
>
> Nothing herein prevents an officer or employee, if not inconsistent with the faithful performance of his duties, from acting without compensation as agent or attorney for any person who is the subject of disciplinary, loyalty, or other personnel administration proceedings in connection with those proceedings.

461

against the United States, or receiv[ing] any gratuity, [therefor]" or from "act[ing] as agent or attorney for anyone before any department, agency, [or] court . . . in connection with any proceeding, . . . in which the United States is a party or has a direct and substantial interest." Excepted from the prohibitions contained in this section are "officer[s] or employee[s] [who,] if not inconsistent with the faithful performance of [their] duties, . . . act [ ] without compensation as agent or attorney for any person who is the subject of disciplinary, loyalty, or other personnel administration proceedings in connection with those proceedings."

With respect to Department of Justice employees, the Department has promulgated regulations with similar language in 28 C.F.R. § 45.735–9(c)(1),[2] and § 45.735–6(c) (1981).[3] In addition, in 1973 the Department issued DOJ Order 1713.5 establishing its policy regarding volunteer representation of employees of the Department who are involved in EEO complaint procedures.[4] This order, which is embraced by regulations most recently revised by the Department in 1980, prohibits the representation of EEO complainants in federal court by Department attorneys, explicitly limiting such representation to administrative complaint procedures.

As you noted in your opinion request, Attorney General Edward H. Levi issued two memoranda on November 20, 1975, encouraging representation by all government attorneys of federal employees with EEO complaints "during all phases of the proceedings," so long as the representation would not be inconsistent with the employee's faithful performance of his or her duties and the employee is not compensated for such work. Levi, Memorandum to All Employees re: Representing Equal Employment Opportunity Complainants at 1 (November 20, 1975); Levi, Memorandum to Heads of Departments and Agencies re: Representation by Federal Employees of EEO Complainants (November 20, 1975). The memorandum directed to the heads of agencies stated that, while the Department of Justice found no distinction under § 205 between administrative and judicial proceedings, the determination whether policy considerations warranted a distinction between administrative and judicial proceedings was the responsibility of each agency.

The memorandum directed to Department of Justice employees did not explicitly prohibit representation by federal employees of EEO complainants in judicial proceedings; however, the memorandum does appear to have con-

---

[2] Section 45.735–9(c)(1) provides in pertinent part:
  Representation of Federal Employees in Equal Employment Opportunity (EEO) complaint procedures may be provided in accordance with § 45.735–6(c) of this title and the Department's established EEO policy (see DOJ Order 1713.5) rather than this subsection.

[3] Section 45 735–6(c) provides:
  (c) Nothing in this part shall be deemed to prohibit an employee, if it is not otherwise inconsistent with the faithful performance of his duties, from acting without compensation as agent or attorney for any person in a disciplinary, loyalty, or other Federal personnel administration proceeding involving such person

[4] *See* Department of Justice Order No. 1713 5, Volunteer Representatives for Employees Involved in EEO Complaint Procedures (Oct. 30, 1973)

templated such a limitation,[5] particularly when considered in the context of the 1973 DOJ Order 1713.5, which established the "EEO Volunteer Representatives Program" for the Department, and current Department regulations citing that order.[6]

Thus, in answer to your specific question, Department of Justice attorneys are presently prohibited from representing federal EEO complainants in federal courts—without regard to the division in which the attorney is employed, or whether the complaint has been filed against the Department of Justice. We would add that this prohibition is based on DOJ Order 1713.5 and current Department regulations, not on our interpretation of the conflict of interest provisions contained in § 205. Both prior to and since Attorney General Levi's November 20, 1975, memorandum to agency heads, this Office has taken the position that § 205 excepts from its general conflicts provision the representation of federal employees in personnel administration proceedings in court as well as before agencies, so long as the representation does not, in the judgment of an appropriate official, conflict with the attorney's official duties.[7]

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[5] In discussing the relevant conflict of interest provision, the memorandum states that a federal employee "representing a person *before a government agency* in a personnel proceeding, such as the EEO complaint process," is generally exempt from the conflict of interest laws, so long as the representation is uncompensated and is not inconsistent with the attorney's faithful performance of his or her duties Levi, Memorandum to All Employees, *supra* at 2 (emphasis added)

[6] *But cf* Rex E. Lee, Assistant Attorney General, Civil Division, Memorandum to All Section and Unit Chiefs re Representation by Federal Employees of EEO Complainants (Mar 26, 1976) (concluding that the Levi memorandum to Department employees *does* authorize representation in federal courts by Department of Justice attorneys, but advising Civil Division attorneys that they are not authorized to participate in such representation because of the conflicts that might arise, "since the representation of the government in these cases is a traditional function of the Civil Division once the case proceeds to litigation." *Id*. at 1 ).

[7] *See* Roger X Cramton, Assistant Attorney General, Memorandum for the Deputy Attorney General re Representation by Department of Justice Attorneys of Federal Workers Claiming Discrimination in Employment (Oct. 31, 1972); Leon Ulman, Acting Assistant Attorney General Memorandum for the Assistant Attorney General, Criminal Division re. *Charles E. Langyher, III, et. al.* v *United States*—Applicability of 18 U S.C. § 205 to Participation of Counsel (May 10, 1972); Frank Wozencraft, Assistant Attorney General, Letter to the General Counsel, United States Civil Service Commission (May 8, 1967); Norbert X Schlei, Assistant Attorney General, Letter to the General Counsel, Post Office Department (Feb 26, 1965)